FILED
ASHEVILLE, N.C.
AUG 3 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| RE/MAX, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ROLLING HILLS REALTY, INC., a North Carolina corporation, SCOTT WALKER, an individual, DAVID BRACKETT, an individual, and LISA FORD, an individual, <br><br> Defendants. | Case No. 1:11-cv-151 |

## CONSENT JUDGMENT

By consent of the parties, the Court hereby enters judgment ("Consent Judgment") in favor of Plaintiff RE/MAX, LLC ("RE/MAX" or "Plaintiff"), for its Complaint against Defendants Rolling Hills Realty, Inc. ("Rolling Hills"), Scott Walker ("Walker"), David Brackett ("Brackett"), and Lisa Ford ("Ford") (collectively "Defendants"). In support of the Consent Judgment, and by consent of the parties, the Court makes the following:

### STIPULATED FINDINGS OF FACT

1. RE/MAX is a Delaware limited liability company with its principal place of business at 5075 South Syracuse Street, Denver, Colorado 80237-2712.

2. Rolling Hills is a North Carolina corporation having its principal place of business in this district, at 634 US Hwy 74A Bypass, Spindale, North Carolina 28160.

3. Walker, Brackett and Ford are individuals residing within this district.

4. Rolling Hills is in the business of providing real estate services within this District.

5. Walker is the owner of Rolling Hills, and a former RE/MAX franchisee, and he personally controls and directs the activities of Rolling Hills, and provides real estate services on behalf of or for the benefit of himself and Rolling Hills in this district.

6. Brackett and Ford are real estate sales associates working for Rolling Hills.

7. RE/MAX is the owner of U.S. Trademark Registrations Nos. 1,139,014, 1,173,586 and 1,702,048 for the RE/MAX word mark (the "RE/MAX Word Mark"), the service mark consisting of a hot air balloon design (the "Balloon Design"), and for the service mark consisting of a rectangular sign displaying three horizontal bars, the top of which is red, the middle of which is white, and the bottom of which is blue (the "Red-Over-White-Over-Blue Design"), respectively.

8. RE/MAX also owns North Carolina State Trademark Registration No. 002982 for the RE/MAX Word Mark. The federal registration rights, state registration rights, and common law rights of RE/MAX in the service marks described above are collectively referred to herein as the "RE/MAX Marks."

9. Since at least as early as 1980, RE/MAX and those affiliated with RE/MAX have provided real estate brokerage services in interstate commerce in the United States in connection with the RE/MAX Marks.

10. On or about September 21, 2004, Mr. Walker entered into a franchise agreement (the "Franchise Agreement") with RE/MAX Carolina, Inc., an independent RE/MAX regional sub-franchisor for the states of North Carolina and South Carolina, to own and operate a RE/MAX real estate brokerage office using the RE/MAX Marks under the name RE/MAX

ROLLING HILLS REALTY in Spindale, North Carolina. A copy of the Franchise Agreement is attached hereto as **Exhibit A**.

11. On October 20, 2009, RE/MAX Carolinas, LLC (which is, with respect to Walker's Franchise Agreement, the successor-in-interest to RE/MAX Carolina, Inc., which, in turn, is the predecessor-in-interest to RE/MAX), terminated Walker's Franchise Agreement for failure to cure defaults in his obligations thereunder.

12. Since termination of the Franchise Agreement, Defendants have continued to use the RE/MAX Marks on listing signage, office signage, advertisements, and Multiple Listing Service ("MLS") listings in connection with advertising and promotion of real estate services in direct competition with RE/MAX.

13. RE/MAX and Defendants have each consented to the entry of judgment in this matter in favor of RE/MAX and against Rolling Hills, Walker, Brackett and Ford with respect to each of RE/MAX's claims against them, respectively. The parties have waived their respective rights to the trial and/or appeal of this matter.

Based on the foregoing Stipulated Findings of Fact, and by consent of the parties, the Court makes the following:

## CONCLUSIONS OF LAW

14. The Court has personal jurisdiction over the parties in this case, and venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b).

15. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

16. The RE/MAX Marks are widely and favorably known as identifying real estate brokerage services originating from, sponsored by or associated with RE/MAX.

17. Defendants had actual and constructive knowledge of RE/MAX's trademark rights in the RE/MAX Marks.

18. Defendants' use of the RE/MAX Marks after termination of the Franchise Agreement constituted a breach of the provisions of the Franchise Agreement which obligated Walker and his agents, employees, and/or independent contractors upon termination to immediately cease all use of the RE/MAX Marks, refrain from adopting or using in connection with, or in the name of, any subsequent business the term RE/MAX or any term confusingly similar to such term, and to clearly distinguish their operations from those of RE/MAX so as to avoid every possibility of confusion to the public.

19. Defendants' actions constitute: trademark counterfeiting, trademark infringement, and unfair competition under the laws of the United States, Title 15, United States Code; trademark infringement, trademark counterfeiting, and deceptive or unfair trade practice under the North Carolina Unfair and Deceptive Trade Practices Act and the Trademark Registration Act § 75-1 and § 80-11 *et seq.*, and trademark infringement and unfair competition under the common law of the state of North Carolina.

20. Defendants' conduct has caused, and continues to cause, irreparable injury to the value and goodwill of the RE/MAX Marks, as well as irreparable injury to RE/MAX's business, goodwill, and reputation. As a result, RE/MAX is entitled to injunctive relief.

21. RE/MAX is also entitled to an award of damages pursuant to the Franchise Agreement, as well as an award of Defendants' profits, actual damages, treble damages, attorneys' fees, costs and interest. In lieu of the full damages available to RE/MAX in this matter, the parties have agreed to payment as set forth in Paragraph D below.

Accordingly, in view of the foregoing and the parties' consent, it is hereby **ORDERED, DECREED,** and **ADJUDGED** that the Joint Motion for Entry of Consent Judgment is **GRANTED**. It is further **ORDERED, DECREED,** and **ADJUDGED** as follows:

A. Defendants, their principals, agents, servants, employees, successors, and assigns, and all those in privity, concert, or participation with Defendants, are enjoined from:

(i) Imitating, copying, duplicating, or otherwise making any use of the RE/MAX Marks or any mark confusingly similar to the RE/MAX Marks;

(ii) manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the RE/MAX Marks;

(iii) using any unauthorized copy or colorable imitation of the RE/MAX Marks in such fashion as is likely to relate or connect Defendants or any affiliated real estate agents with RE/MAX;

(iv) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants is sponsored, endorsed, connected with, approved, or authorized by RE/MAX;

(v) causing likelihood of confusion or injury to RE/MAX's business reputation and to the distinctiveness of the RE/MAX Marks by unauthorized use of a confusingly similar sign design;

(vi) engaging in any other activity constituting unfair competition or infringement of the RE/MAX Marks or RE/MAX's rights in, or to use, or to exploit the same; and

5

(vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (1) through (vi) above.

B. Defendant Walker is ordered henceforth to comply with the Obligations on Termination as set forth in Paragraphs 8.A (1-7) and 8.A (10-11) of the Franchise Agreement, which paragraphs are hereby made a part of this Judgment, including by clearly distinguishing Defendants' operations from RE/MAX and the RE/MAX franchise network.

C. Defendants, their principals, agents, servants, employees, successors, and assigns and all those in privity or concert with Defendants who receive actual notice of this Consent Order, are required to deliver up, or at RE/MAX's election certify the destruction of, all signs, articles, promotional, advertising and any other printed materials of any kind bearing the RE/MAX Marks, or any mark confusingly similar to the RE/MAX Marks.

D. RE/MAX is awarded, and Defendants are jointly and severally liable to RE/MAX for, $10,000, as agreed to by the parties. Said payment shall be made on or before July 21, 2011 and shall be paid to RE/MAX, LLC at its office at 5075 S. Syracuse Street, Denver, CO 80237, Attention: Adam Scoville.

E. Within one month of the entry of this Consent Judgment, Defendants are jointly and severally required to submit a report to the Court, detailing the steps they have taken to be in compliance with this Consent Judgment, and certifying under penalty of perjury that Defendants, and their principals, agents, servants, employees, successors, and assigns and all those in privity or concert with Defendants, are in compliance with this Consent Judgment, or providing detailed reasons why such entities or persons are not in compliance with this Consent Judgment.

F. RE/MAX shall be entitled to its costs and attorneys' fees expended in pursuing compliance with or seeking enforcement of any provisions of this Consent Judgment.

G. In the event that Walker fails to comply with the Obligations on Termination as set forth in Paragraphs 8.A (1-7) and 8.A (10-11) of the Franchise Agreement, RE/MAX shall be entitled to liquidated damages pursuant to paragraph 8.C of the Franchise Agreement, which paragraph is hereby made a part of this Judgment.

H. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Consent Judgment.

ENTERED this 3 day of ~~July~~ August, 2011.

_____
United States District Judge

## CONSENT TO ENTRY OF JUDGMENT

Rolling Hills Realty, Inc. hereby consents to the entry of judgment in this action in the form specified on the foregoing pages.

7-12-11 _____ Scott Walker
Date                                    Scott Walker, owner


STATE OF North Carolina

ss.

COUNTY OF Rutherford


I, Cassaundra L. Crain, a Notary Public for said County and State do hereby certify that, on the date indicated below, Scott Walker personally appeared before me and signed the foregoing instrument.

This 12TH day of July, 20 11.

[Seal]

Cassaundra L. Crain _____ (Notary Public)
Notary's Official Signature

Cassaundra L. Crain, Notary Public
Notary's printed or typed name

My commission expires: 6-27-2012

## CONSENT TO ENTRY OF JUDGMENT

I, Scott Walker, hereby consent to the entry of judgment in this action in the form specified on the foregoing pages.

__7-12-11__            _/s/ Scott Walker_
Date                                        Scott Walker

STATE OF __North Carolina__

ss.

COUNTY OF __Rutherford__

I, __Cassaundra L Crain__, a Notary Public for said County and State do hereby certify that, on the date indicated below, __Scott Walker__ personally appeared before me and signed the foregoing instrument.

This __12TH__ day of __July__, 20__11__.

[Seal]

__/s/ Cassaundra L Crain__ (Notary Public)
*Notary's Official Signature*

__Cassaundra L. Crain__, Notary Public
*Notary's printed or typed name*

My commission expires: __6-27-2012__

9

## CONSENT TO ENTRY OF JUDGMENT

I, David Brackett, hereby consent to the entry of judgment in this action in the form specified on the foregoing pages.

7/12/2011
Date

_____
David Brackett

STATE OF North Carolina

ss.

COUNTY OF Rutherford

I, Cassaundra L. Crain, a Notary Public for said County and State do hereby certify that, on the date indicated below, David Brackett personally appeared before me and signed the foregoing instrument.

This 12TH day of July, 2011.

_____ (Notary Public)
Notary's Official Signature

Cassaundra L Crain, Notary Public
Notary's printed or typed name

My commission expires: 6-27-2012

## CONSENT TO ENTRY OF JUDGMENT

I, Lisa Ford, hereby consent to the entry of judgment in this action in the form specified on the foregoing pages.

_7/12/11_
Date

_/s/ Lisa Ford_
Lisa Ford

STATE OF _North Carolina_

ss.

COUNTY OF _Rutherford_

I, _Cassaundra L. Crain_, a Notary Public for said County and State do hereby certify that, on the date indicated below, _Lisa Ford_ personally appeared before me and signed the foregoing instrument.

This _12TH_ day of _July_, 20_11_.

_Cassaundra L. Crain_ (Notary Public)
Notary's Official Signature

_Cassaundra L. Crain_, Notary Public
Notary's printed or typed name

My commission expires: _6-27-2012_